UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61121-CIV-SINGHAL

CODY THOMAS FITZPATRICK and
CODY JOHN CROCKETT, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

v.

VITAL PHARMACEUTICALS, INC., d/b/a
VPX Sports,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte* upon review of Defendant's Motion to Dismiss (DE [10]) and Defendant's Motion to Strike Class Action Allegations (DE [11]) filed August 3, 2020 (collectively, the "Motions").  The Motions do not comply with the Court's Notice of Court Practice (DE [4]), which requires all filings "be double-spaced, in justified alignment, in 12-point font, using either Times New Roman or Arial typeface."

In addition, the Motion to Strike Class Action Allegations seeks dismissal of the Complaint; it is not a proper Motion to Strike.  A Motion to Strike may be made to address "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2).  "A motion to strike is intended to clean up the pleadings, removing irrelevant or otherwise confusing materials." *Williams v. Delray Auto Mall, Inc.,* 289 F.R.D. 697, 699 (S.D. Fla. 2013).  It is not an appropriate method for raising substantive issues.

The formatting issues and the filing of a separate Motion to Strike appear to be efforts to circumvent the Court's page limitations.  Although the Court will entertain

requests for additional pages, no such request has been made in this case.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE [10]) and Defendant's Motion to Strike Class Action Allegations (DE [11]) are **DENIED WITHOUT PREJUDICE**.  Defendant shall file an Amended Motion to Dismiss no later than **August 10, 2020.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of August 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF