UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61121-CIV-SINGHAL/VALLE

CODY THOMAS FITZPATRICK and
CODY JOHN CROCKETT, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

VITAL PHARMACEUTICALS INC.,
d/b/a VPX SPORTS,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** has come before the Court upon Plaintiffs' Motion for Voluntary Dismissal with Prejudice (DE [46]), asking the Court to dismiss this action with prejudice with each side responsible for its own costs and attorney's fees. Defendant filed a response (DE [48]) stating that it does not oppose dismissal of the case with prejudice but does oppose the proposal that each side bear its own attorney's fees and costs. Defendant argues that a voluntary dismissal with prejudice of Plaintiffs' claims under FDUTPA renders Defendant a prevailing party entitled to attorney's fees under Fla. Stat. § 501.2105.

Defendant's position is not supported by the law.  "Because FDUTPA is a Florida state statute, this Court is bound by Florida Supreme Court decisions interpreting FDUTPA. If there are no Florida State Supreme Court cases, then this Court is 'bound to

follow an intermediate state appellate court unless there is persuasive evidence the [Florida Supreme Court] would rule otherwise.'" *Procaps S.A. v. Patheon Inc.,* 2017 WL 3536917, at *10 (S.D. Fla. Aug. 17, 2017) (quoting *Bravo v. United States,* 577 F.3d 1324, 1326 (11th Cir. 2009) (internal citations omitted)).

"Florida law requires entry of judgment for attorneys' fees to be awarded to a prevailing party under FDUTPA." *Drummond v. Zimmerman,* 2020 WL 13065182, at *3 (S.D. Fla. Oct. 8, 2020) (citing *Black Diamond Properties, Inc. v. Haines,* 36 So. 3d 819 (Fla. 5th DCA 2010)). The plain language of Fla. Stat. § 501.2105(1) imposes the requirement of entry of judgment: "[i]n any civil litigation resulting from an act or practice involving a violation of this part ... the prevailing party, *after judgment in the trial court and exhaustion of all appeals*, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." (Emphasis added).

The language of the statute is clear and unambiguous and does not permit an award of attorney's fees under FDUTPA in absence of a judgment. *Money v. Home Performance All., Inc.*, 313 So. 3d 783, 786 (Fla. 2nd DCA 2021) ("FDUTPA's attorney's fees provision requires a legal action be resolved in favor of the prevailing party and that such favorable resolution be memorialized in a judgment."). Defendant's reliance upon *Am. Registry, LLC v. Hanaw,* 2015 WL 5687693, at *4 (M.D. Fla. Sept. 25, 2015) is misplaced because in that case, a judgment was entered. No judgment has been entered in this case. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Voluntary Dismissal with Prejudice (DE [46]) is **GRANTED.** This case is **DISMISSED WITH PREJUDICE,** with each party responsible for its own costs and attorney's fees.  The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of May 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF